UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RODNEY B. ROBERTS,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ESSEX, et al.,**<br><br>Defendants. | Civ. No. 15-7061 (KM)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

The plaintiff, Rodney Roberts, pled guilty in 1996 to kidnapping in exchange for the dismissal of a charge of aggravated sexual assault. He served his sentence and then was involuntarily civilly committed under the New Jersey Sexually Violent Predator Act. Years later, a DNA analysis of rape kit samples was performed. As a result the plea was vacated, the indictment was dismissed, and Roberts was released from custody. He brought this civil rights action for damages against Essex County, the prosecutors, the public defenders, and the police.

This matter comes before the Court on the motion (ECF no. 63) of one defendant, Detective Derrick Eutsey, to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). I have already written at length on motions to dismiss filed by five of Eutsey's codefendants. ("Op.", ECF no. 64) Familiarity with that Opinion is assumed, and I will not repeat the facts or analysis except as necessary here.

For the reasons stated below, the motion is granted in part and denied in part. As to Eutsey, Counts 4, 5, 6, and 11 are dismissed without prejudice. The motion to dismiss is otherwise denied.

1

## BACKGROUND

I incorporate by reference the summary of the allegations of the complaint contained in my prior Opinion. (Op., ECF no. 64)

On September 24, 2015, Roberts filed the complaint in this action. Certain counts were voluntarily dismissed against certain defendants. By Opinion and Order filed August 12, 2016 (ECF nos. 64, 65), I granted in part and denied in part the motions to dismiss filed by five co-defendants.

The counts of the complaint do not always clearly specify the defendant or defendants against whom they are directed. Certain counts, such as supervisory liability or legal malpractice, by their nature are not directed to Det. Eutsey. Of the other currently operative counts of the complaint, I here list those that either name Eutsey explicitly or are asserted against "defendants" generally:

>First Count – 42 U.S.C. § 1983 Violation of the 4th Amendment for Malicious Prosecution (naming "defendants")

>Second Count – 42 U.S.C. § 1983 Violation of the 14th Amendment for Fabricating/Falsifying Evidence (naming Eutsey and others)

>Third Count – 42 U.S.C. § 1983 Violation of the 14th Amendment for Withholding Exculpatory Evidence (naming Eutsey and others)

>Fourth Count – 42 U.S.C. § 1983 Violation of the 14th Amendment for Mishandling Exculpatory Evidence (relating to DNA and rape kit; naming "defendants")

>Fifth Count – 42 U.S.C. § 1983 Violation of the 14th Amendment for Denial of Procedural Due Process (relating to DNA and rape kit; naming institutional but not individual defendants)

>Sixth Count – 42 U.S.C. § 1983 Violation of the 1st and 14th Amendments for Denial of Access to the Courts (relating to post-conviction relief proceedings and release from civil confinement; naming "defendants")

>Eighth Count – Malicious Prosecution (naming "defendants")

>Ninth Count – Malicious Abuse of Process (naming "defendants")

    Tenth Count – Fabricating Evidence (naming Eutsey and others)

    Eleventh Count – Mishandling Exculpatory Evidence (relating to DNA and rape kit; naming "defendants")

    Twelfth Count – Withholding Exculpatory Evidence (naming Eutsey and others)

    Thirteenth Count – Negligence/Gross Negligence/Recklessness (naming "defendants")

**LEGAL STANDARD**

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a

3

'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

The United States Court of Appeals for the Third Circuit, interpreting the *Twombly/Iqbal* standard, has defined a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta* [*v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)]. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In this discussion, I pair each Section 1983 constitutional claim with its their state law analogue. As noted above, most counts are asserted against more than one defendant, but I focus here on Det. Eutsey.

### A. Malicious Prosecution (Counts 1, 8); Abuse of Process (Count 9)

Counts 1 and 8 assert claims of malicious prosecution, in violation of 42 U.S.C. § 1983 and state law. Count 9 alleges malicious abuse of process. It is unclear whether Count 9 is alleged against Eutsey, but for present purposes I will assume it is.

In order to prevail on a Constitutional claim of malicious prosecution, a plaintiff must demonstrate that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of

4

seizure as a consequence of a legal proceeding." *Johnson v. Bingnear*, 441 F. App'x 848, 851 (3d Cir. 2011) (quoting *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)). Similarly, the common law tort of malicious prosecution requires the plaintiff to show that the defendant "(1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in [plaintiff's] favor." *Wiltz v. Middlesex Cnty. Office of Prosecutor*, 249 F. App'x 944, 950 (3d Cir. 2007) (citing *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001)); *Lind v. Schmid*, 67 N.J. 255, 262, 337 A.2d 365, 368 (1975).

Abuse of process, although related to malicious prosecution, focuses on the misuse of criminal processes apart from the bringing of charges *per se*:

> An action for malicious abuse of process "lies for the improper, unwarranted, and perverted use of process after it has been issued ... [i.e.], the employment of a process in a manner not contemplated by law." *Tedards v. Auty*, 232 N.J. Super. 541, 549, 557 A.2d 1030 (App. Div. 1989) (citing *Ash v. Cohn*, 119 N.J.L. 54, 57, 194 A. 174 (E.& A. 1937)). "Bad motives or malicious intent leading to the institution of a civil action are insufficient to support a cause of action for malicious abuse of process." *Fielder Agency v. Eldan Const. Corp.*, 152 N.J. Super. 344, 348, 377 A.2d 1220 (Law Div. 1977). To succeed on a claim for malicious abuse of process, a plaintiff must demonstrate "some coercive or illegitimate use of the judicial process." *Id.*

*Galbraith v. Lenape Reg'l High Sch. Dist.*, 964 F. Supp. 889, 897–98 (D.N.J. 1997).[1]

---

[1] The federal constitutional analogue of abuse of process under § 1983 is similar:

> [I]n *Rose v. Bartle* the Third Circuit noted that "a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose*, 871 F.2d at 350 (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)). The gravamen of an abuse of process tort "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends. Cognizable injury for abuse of process is limited to the harm caused by the misuse of process, and does not include harm (such as conviction and confinement) resulting from that process's being carried through to its lawful conclusion." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994). To establish an abuse of process claim "there must be some proof of a definite act or threat not authorized by the process, or aimed at an

Det. Eutsey argues that these interrelated counts must be dismissed because the complaint pleads no facts in support of the elements of legal malice, improper motive, or lack of probable cause. All of his arguments trace back to the contention that he instigated the prosecution in good faith, based on the evidence he possessed at the time. Primarily, he points to the photo array identification of Roberts by the victim, Ms. Atwell. That identification, says Eutsey, furnished a proper basis to arrest and charge Roberts in May 1996. Atwell's recantation, because it happened years later, in 2002–07, would therefore be irrelevant to Eutsey's actions and state of mind in 1996.

That is true as far as it goes. But this Complaint does not merely allege that Ms. Atwell later recanted her identification of Roberts. It alleges that Ms. Atwell's 1996 photo identification of Roberts never occurred in the first place.

The assault took place on May 8, 1996. The complaint alleges that on May 14, 1996, Det. Eutsey showed Ms. Atwell a photo array that included a photograph of Roberts. Atwell was allegedly unable to identify her assailant. Nevertheless, Eutsey allegedly made a report in which he falsely stated that Atwell did pick out the photo of Roberts and signed a copy of the photograph. The photograph was allegedly lost; at any rate it was never introduced in evidence. There were significant discrepancies between Atwell's physical description of her assailant and the actual appearance of Roberts. In addition, the photograph in the array dated from some ten years earlier, and did not fairly represent Roberts's appearance at the time. Det. Eutsey submitted his allegedly false report to the prosecutor. He also swore out a criminal complaint before a municipal court judge, based on the same false information. In this way, Eutsey instigated the prosecution of Roberts. (Cplt. ¶¶ 27–35)[2]

---

    objective not legitimate in the use of [the] process." *Ference v. Twp. of Hamilton*, 538 F. Supp. 2d 785, 798 (D.N.J. 2008) (citations and internal quotation marks omitted).

*Kazar v. City of Camden*, 2016 WL 680432, at *4 (D.N.J. Feb. 19, 2016).

[2]    There are no further factual allegations pertaining to Eutsey's involvement. For example, he is not alleged to have been involved in the post-conviction issues regarding the rape kit and the DNA analysis.

Later, in 2002, Ms. Atwell told Roberts's post-conviction attorney, Assistant Public Defender Douard, that she had never made a photo identification of her assailant and did not even know that someone had been arrested for the assault. (*Id.* ¶ 77) On September 12, 2005, Ms. Atwell informed Investigator Bolan that she had given birth to a son approximately nine months after the rape, and requested a paternity test. (*Id.* ¶ 102) The Prosecutor's office resisted, but when the test was finally done, it excluded Roberts. (Id. ¶ 107) On September 27, 2005, Ms. Atwell signed a statement affirming her earlier oral statement to AFPD Douard that she had never performed a photo ID of her assailant and did not know anyone had been arrested. (*Id.* ¶¶ 78–79) Two years later, on June 22, 2007, Ms. Atwell recertified the truth of that 2005 statement. (*Id.* ¶ 80)

Det. Eutsey states that the photo identification did in fact take place in 1996. Certain statements of Atwell in the PCR proceedings, he says, "corroborate" his version of the events and show that plaintiff's allegations are "implausible." (Reply Br. 5, ECF no. 83 at 11) My task here, however, is not to decide whether Eutsey or Atwell is telling the truth, or to evaluate the quality and consistency of Atwell's statements. I am required to assume the truth of the well-pleaded allegations of the complaint. See Legal Standard, pp. 3–4, *supra.*

The only issue, then, is whether the complaint alleges factually that Det. Eutsey lacked a probable cause basis to charge Roberts. The allegation that the photo ID never occurred, if true, would plausibly support a finding that probable cause was lacking and that Det. Eutsey relayed false information to the prosecutor and judge. The motion to dismiss Counts 1, 8, and 9 is therefore denied.

### B. Fabrication or Withholding of Exculpatory Evidence (Counts 2, 3, 10, 12)

Counts 2 and 10 assert claims of fabrication or falsification of evidence; Counts 3 and 12 assert claims of withholding exculpatory evidence. Those claims arise under both 42 U.S.C. § 1983 and parallel state tort law. *See*

7

*Gibson v. Superintendent of NJ Dept. Of Law and Public Safety,* 411 F.3d 427, 442–43 (3d Cir. 2005) (due process claim against police based on nondisclosure to prosecutor that results in violation of rule of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963)); *Halsey v. Pfeiffer,* 750 F.3d 273, 289–93 (3d Cir. 2014) (claim based on fabrication of evidence under either Fourth or Fourteenth Amendment).[3]

The supporting facts are similar to those alleged in support of the malicious prosecution claims, discussed above. Det. Eutsey allegedly concealed Atwell's failure to identify Roberts from a photo array, and did not reveal that the photo of Roberts in the array was ten years old and therefore did not represent his current appearance. Det. Eutsey allegedly misrepresented those facts to both the prosecutor and the municipal court judge.[4]

---

[3]  *Dique v. New Jersey State Police,* 603 F.3d 181, 183 (3d Cir. 2010), recognized that *Gibson* had been abrogated by *Wallace v. Kato,* 549 U.S. 384, 127 S. Ct. 1091 (2007), on grounds not relevant here.

[4]  Here are the relevant allegations:

[Count 2]

> 167. Eutsey fabricated evidence against Roberts in his criminal proceedings to obtain his conviction, and forwarded that information to the prosecutors in this case. Without the fabricated evidence, Roberts would not have been convicted of kidnapping because he would not have been induced to plead guilty to kidnapping, would not have been denied parole, would not have been civilly confined, and would not have been denied post-conviction relief.

Count 10, paragraph 209, reproduces paragraph 167 verbatim in the context of the analogous state law tort.

[Count 3]

> 170. Eutsey failed to inform, and affirmatively concealed from, the prosecutor who negotiated and accepted Roberts' guilty plea, and Rodriguez who prosecuted the post-conviction relief proceedings, of exculpatory information.
>
> 171. Eutsey failed to inform the prosecutor who negotiated and accepted Roberts' guilty plea, or Rodriguez who prosecuted the post-conviction relief proceedings, that Ms. Atwell could not identify her assailant when he interviewed her in 1996.

8

Here, too, Eutsey's motion runs afoul of the principle that the court, on a motion to dismiss, must assume the truth of the allegations of the complaint. Det. Eutsey insists, for example, that certain allegations have no bearing or should be "disregarded" because Atwell "made a positive identification of Plaintiff and Defendant Eutsey did not act in bad faith." (Eusey Reply Br. 4, ECF no. 83 at 10) There cannot have been any misrepresentation or fabrication, he states, because the evidence came not from himself but directly from Atwell. (Main Br. at 22–23, ECF no. 63-4 at 32–33)

The complaint, however, sufficiently alleges that Atwell did not make a positive identification in 1996, as reported by Eutsey. As further support, it alleges that Atwell herself later denied ever having made such an identification.

Eutsey's motion to dismiss counts 2, 3, 10, and 12 is therefore denied.

### C. Access to Courts (Count 6)

Count 6 asserts a claim of denial of access to the courts, in violation of 42 U.S.C. § 1983. It alleges that defendants' wrongful conduct impaired Roberts's ability to pursue post-conviction relief and obtain his relief from civil commitment.

In my earlier Opinion, I summarized the governing legal principles thus:

> To state a claim for denial of access to the courts, a plaintiff must show "(1) he suffered an actual injury—that is, that he lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim;

---

> 172. Eutsey concealed from the prosecutor who negotiated and accepted Roberts' guilty plea, and from Rodriguez who prosecuted the post-conviction relief proceedings, Roberts' mugshot which Eutsey incorporated into the phots who showed to Ms. Atwell. Eutsey concealed the fact that Ms. Atwell had not signed Roberts' mugshot photo.
>
> 173. Eutsey concealed from the prosecutor who negotiated and accepted Roberts' guilty plea, and from Rodriguez who prosecuted the post-conviction relief proceedings, that if Roberts' mugshot had been used to make an identification, it did not accurately reflect Roberts appearance in May 1996 when Roberts was 29 years old, as his last mugshot was taken in 1986, when he was 19 years old.

Count 12 paragraphs 216–19 reproduce paragraphs 170–73 verbatim in the context of the analogous state law tort.

and (2) that he has no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial-of-access suit." *Coulston v. Houtzdale*, __ F. App'x __, 2016 WL 3196684, at *2 (3d Cir. June 9, 2016) (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179 (2002)). The nonfrivolous, arguable underlying claim must be set forth in the complaint in such a way as to present "more than mere hope," and the complaint must also describe the remedy allegedly lost. *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (citing [*Christopher v. Harbury*, 536 U.S. 403, 416–17, 122 S. Ct. 2179, 2187 (2002)].

> The reasoning behind the second, "no other remedy" element seems to be as follows: The injury from an access-to-courts claim is the loss of a meritorious claim; if the merits of that lost claim are otherwise being litigated, and there is an effective remedy for them, the access-to-courts aspect becomes superfluous. *See Harbury*, 536 U.S. at 416 ("[T]he remedy sought must itself be identified to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim.").

(Op. at 17) Because those five defendants had stated an underlying claim (there, the withholding or mishandling of DNA/rape kit evidence), as to them I dismissed Count 6 as superfluous.

Here, the underlying claim is distinct—Det. Eutsey is accused of withholding or misrepresenting identification evidence, not DNA evidence—but the principle is the same. Here, as there, "Roberts can proceed on his underlying claims and may obtain a money judgment if they should be decided in his favor. But '[t]here is ... no point in spending time and money to establish the facts constituting a denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.'" Op. at 18 (quoting *Harbury*, 536 U.S. at 415).

Det. Eutsey's motion to dismiss Count 6 is therefore granted without prejudice to reinstatement in the event it is no longer redundant.

### D. Other Counts Relating to PCR and Handling of Rape Kit/DNA Evidence (Counts 4, 5, 11)

Counts 4, 5, and 11 are directed against "defendants" generally. They involve the mishandling or concealment of the rape kit and DNA evidence,

10

particularly in relation to post-conviction relief proceedings and Roberts's release from civil commitment as a sexually violent predator.

For all that appears in these counts, they are not directed at Det. Eutsey at all. They do not name him explicitly or by inference. The only allegations against Eutsey in the general Facts section of the Complaint involve the events of May 1996 that led to Roberts being charged and arrested. There is no allegation that Eutsey was involved in the collection or custody of the rape kit evidence, either then or later. There is no allegation that he was involved in the PCR proceedings. Assuming these Counts are intended to involve Eutsey at all, they fail to set forth facts sufficient to satisfy the *Twombly/Iqbal* standard.

Eutsey's motion to dismiss Counts 4, 5, and 11, then, is granted without prejudice to the filing, within 30 days, of a proposed amended complaint that contains the necessary factual allegations.

### E. Negligence/Gross Negligence/Recklessness (Count 13)

Count 13 asserts a claim of negligence/gross negligence/recklessness under state law. Under New Jersey law, to state a claim for negligence, a plaintiff must set forth that the defendant owed him a duty of care, that there was a breach of that duty, and that the plaintiff suffered damages which were actually or proximately caused by the breach. *See, e.g., Jersey Central Power & Light Co. v. Melcar Utility Co.*, 59 A.3d 561, 571 (N.J. 2013).

The focus of Count 13 is the rape kit/DNA evidence. As noted above, these allegations are not tied factually to Det. Eutsey. Count 13 also alleges, however, that "[d]efendants owed a duty to Roberts not to fabricate evidence." (Cplt. ¶ 228) In context, this may plausibly be read to refer to the allegations that Eutsey falsified or fabricated the Atwell photo identification. Read this way, it is an alternative legal theory—one involving a negligent, rather than purposeful, state of mind—for the same set of facts. As such, it is adequately pled.

The motion to dismiss Count 13 as to Det. Eutsey is denied.

### F. Qualified Immunity

Det. Eutsey asserts that, to the extent the complaint states a constitutional claim under § 1983, he is entitled to dismissal based on qualified immunity.

"[Q]ualified immunity shields government officials from civil liability as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). The analysis is twofold, although the two steps may be considered in either order. *See Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808 (2009).

A court must "first determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy*, 413 F.3d at 364 (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001)). The court must then "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Id.* (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). That second step requires "that in light of preexisting law, the unlawfulness of the official's conduct was reasonably and objectively apparent." *McGreevy*, 413 F.3d at 366 (citing *Wilson v. Layne*, 526 U.S. 603, 615, 119 S. Ct. 1692 (1999)).

"'[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985)). The court is therefore to consider qualified immunity as early as is practicable. Often, however, qualified immunity will present issues of fact that cannot be resolved on the pleadings, but must await summary judgment or trial. Generally, for example, "the question of probable

cause in a section 1983 damage suit is one for the jury." *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998); *see also Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 638 (D.N.J. 2011).

The issues in this case, whether considered substantively or in the context of qualified immunity, are similar. There is a factual dispute as to whether Atwell ever made a photo identification of Roberts, and whether Det. Eutsey misrepresented the evidence in order to induce the filing of criminal charges. The court cannot test the truth of such allegations in the context of a motion to dismiss.

Accordingly, the motion to dismiss, to the extent it rests on qualified immunity, is denied without prejudice to renewal at an appropriate stage of the case.

## CONCLUSION

For the reasons set forth above, the motion (ECF no. 63) of defendant Eutsey to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), is granted in part and denied in part, in accordance with the Order accompanying this Opinion.

Dated:  November 4, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.